McGee, Appellant, *v.* McGee.

Argued March 31, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Leon Rosenfield,* with him *John Patrick Walsh,* for appellant.

*Frank Kingston Smith,* with him *Hamilton, Smith & Darmopray,* for appellee.

OPINION BY GUNTHER, J., July 21, 1955:

This is an action in assumpsit to enforce a separation agreement which provided for the support of the plaintiff wife and three children. The court below, sitting without a jury, found that a reasonable sum for support would be $40 a week and entered an order against defendant husband for a total of $406. Wife has appealed on the ground that the order is inadequate.

The separation agreement provided that wife should be employed at husband's corporation at a salary of $150 a week, said salary to be in lieu of all support; in the event wife ceased working for this company, the amount of support was to be amicably agreed on by the parties or by two named attorneys; and the support was to continue after divorce and until wife's death or remarriage. Wife was discharged from her job on June 6, 1950. Two weeks later the parties were divorced. The wife received $150 a week from June 1950 until February 2, 1951, after which she received nothing until July 20, 1951. For the next year, until July 11, 1952, husband gave her $35 a week. From then until the complaint was filed he gave her $25 a week.

The parties being unable to agree on a fair sum for support after the wife's discharge, and the attorneys also failing to agree, this action was instituted, claiming $150 a week for the period June 6, 1950 to September 8, 1952. The court below, applying general support principles, found that $40 a week was fair and reasonable, and, after giving credit for amounts paid, arrived at the order of $406.

The testimony disclosed that at the time of the hearing there were three children aged 23, 20 and 12. The eldest attended college, the youngest was in school and the other was in the navy. The wife was employed during the period in question at a salary of from $50 to $70 a week. Husband's salary up to April 1950 was $25,800, of which he took only $15,000, the remainder staying with the corporation as a loan. The next two years his salary was $15,600. After April 1952 his salary was reduced to $7,800 per annum, so that his weekly take home pay at the time of the hearing was $119. Husband owned over 85% of the stock in the corporation, the wife holding the remainder except for

one share.   The corporate assets exceeded $80,000 in late 1952 and had generally increased over the prior two or three years.   The corporation owed husband about $13,000 at time of trial.

The evidence clearly shows that defendant had earnings and earning power during the two year and three month period in question well in excess of his actual net weekly income at time of trial.   There was testimony that the corporation was not prospering and couldn't afford to pay him over $7,800 a year.   However, this is not an ordinary support case, but a suit in assumpsit.   Therefore defendant's income, assets and earning power over the entire period in question are relevant in order to arrive at a basis for a fair and reasonable figure for support.   In view of the evidence and defendant's general financial status over the period it is clear that the finding of the court below of $40 a week was entirely too low.   Such a rate would result in the wife and three children receiving less than 15% of defendant's salary for the years 1950 and 1951. It is clear that the separation agreement contemplated a fairer proportion.   It is our opinion that a finding of $100 a week or more is warranted under the testimony.   In any event the finding of the court below was not supported by the evidence.   The intent of the parties at the time of the execution of the agreement was to supply support in the then fair amount of $150 a week.   Since defendant did have a somewhat decreased salary and earning power thereafter, the original amount should have been reduced, but by no more than one-third.

In addition the court below made a patent error in computing the total due under the agreement by beginning the weekly deficits as of July 20, 1951, and completely ignoring the preceding year.   The court below found that the payments that plaintiff received

from June 1950 to November 1950 were made by the corporation to discharge an indebtedness. Those payments therefore should not be credited to defendant. Further, plaintiff received no money at all from February 2, 1951 to July 20, 1951, yet that period was not included in the court's order.

Judgment reversed with a procedendo.